**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

CASE NO.:

TAIMARK WALKINE,

    Plaintiff,

v.

OPTIMUS, INC., d/b/a MARKY'S CAVIAR,
a Florida Corporation, and
MARKSTAR, LLC,
a Florida Limited Liability Company, and
MARKY'S GROUP, INCORPORATED,
a Florida Profit Corporation, MARK GELMAN,
individually, and, MARK ZASLAVSKY, individually,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    Plaintiff, TAIMARK WALKINE ("WALKINE" or "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, OPTIMUS, INC., d/b/a MARKY'S CAVIAR ("Optimus"), a Florida Corporation, and Defendant MARKSTAR, LLC. ("Markstar"), a Florida Limited Liability Company, and MARKY'S GROUP, INCORPORATED, a Florida Profit Corporation, ("Marky's Group"), Defendant, MARK GELMAN, individually, and Defendant, MARK ZASLAVSKY, individually, (collectively referred as "Defendants"), and states as follows:

**NATURE OF THE SUIT**

    1.    This action is brought under the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*, hereinafter "FLSA") and Florida's Whistleblower Act, at Section 448.102(3), Florida Statutes ("FWA") to recover from Defendants unpaid overtime compensation, back pay, front

pay, liquidated damages, declaratory relief, reasonable attorneys' fees and costs, punitive damages, and any other damages permitted by law.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff was an employee who performed work at Defendants' restaurant in Broward County, Florida.

3. Defendant, Optimus, is a Florida corporation located in Miami-Dade County, Florida and which at all times relevant, performed work in Broward County, Florida.

4. Defendant, Markstar, is a Florida limited liability company located in Miami-Dade County, Florida and which at all times relevant, performed work in in Broward County, Florida.

5. Defendant, Marky's Group, is a Florida profit corporation located in Miami-Dade County, Florida and which at all times relevant, performed work in in Broward County, Florida.

6. MARK GELMAN is a citizen and resident of Florida and has exerted a substantial amount of control over significant aspects of Defendants' day to day operations during all relevant time periods.

7. Additionally, MARK GELMAN controlled the finances and operations of Defendants.

8. In managing the day-to-day operations of Defendants, MARK GELMAN made decisions concerning work, staffing, pay policies and compensation.

9. Defendant, MARK GELMAN was engaged in business in the State of Florida.

10. MARK ZASLAVSKY is a citizen and resident of Florida and has exerted a substantial amount of control over significant aspects of Defendants' day to day operations during all relevant time periods.

11. Additionally, MARK ZASLAVSKY controlled the finances and operations of Defendants.

12. In managing the day-to-day operations of Defendants, MARK ZASLAVSKY made decisions concerning work, staffing, pay policies and compensation.

13. Defendant, MARK ZASLAVSKY was engaged in business in the State of Florida.

14. On information and belief, MARK GELMAN and MARK ZASLAVSKY acted in all respects material to this action as the agent of the other, carried out a joint scheme, business plan or policy in material respects hereto, and the acts of MARK GELMAN and MARK ZASLAVSKY are legally attributable to each other.

15. The Defendants acted in all respects material to this action as the agent of the other, carried out a joint scheme, business plan or policy in material respects hereto, and the acts of each Defendant are all legally attributable to each other Defendant.

16. The unlawful acts alleged in this Complaint were committed by Defendants and/or Defendants' officers, agents, employees, or representatives, while actively engaged in the management of Defendants' business or affairs and with the authorization of the Defendants.

17. At all times material hereto, Defendants, were the employers of Plaintiff.

18. This Court has original jurisdiction as to the claims brought pursuant to the FLSA, and supplemental jurisdiction on the FWA claims as they arise from the same operative facts and circumstances as his FLSA claims.

19. Venue is proper in this Court as the actions giving rise to this lawsuit occurred in Broward County, Florida.

## FLSA AND FWA COVERAGE

20. At all times material hereto, Defendants were, and continue to be an "employer" within the meaning of 29 U.S.C. § 203(d).

21. At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

22. At all times material hereto, Defendants were Plaintiff's "employer" within the meaning of the FLSA.

23. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" or in the production of goods for commerce within the meaning of § 3(s)(1) of the Act, in that, said enterprise has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

24. Based upon information and belief, the annual and gross revenue of Defendants were in excess of $500,000.00 per annum during all times relevant.

25. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as the produce, meat, dairy products, and other foods served.

26. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants in that Defendants could not operate its business without an employee like Plaintiff.

27. Defendants, at all times material to this Complaint, employed in excess of ten (10) or more employees during Plaintiff's employment, and is a covered employer as defined by FWA.

28. Defendants, at all times material to this Complaint, are joint employers, based on the fact that Defendants: (a) had the power to hire and fire Plaintiff; (b) determine Plaintiff's rate and method of payment; (c) supervised and controlled Plaintiff's work schedules or conditions of employment; and/or (d) maintained Plaintiff's employment records.

29. Defendants, at all times material to this Complaint, are integrated employers, based on the fact that Defendants share: (a) interrelated operations; (b) common management; (c) control of labor relations; and/or (d) common ownership.

## FACTUAL ALLEGATIONS

15. Plaintiff worked for Defendants from June 10, 2020, until his termination on May 22, 2021.

16. Defendants initially hired Plaintiff as a salaried "General Manager," however, the Parties agreed Plaintiff would be paid for any overtime hours worked at the overtime rate.

17. Defendants promised Plaintiff an assistant manager would be hired to assist Plaintiff in the day-to-day activities in operating the restaurant, however, this never occurred.

18. Instead, and as a result, Plaintiff spent a majority of his time doing non-managerial, nonexempt duties for Defendants, including, but not limited to, cleaning, manual labor, serving food and beverages, and other services needed in the day-to-day operations of the restaurant.

19. Plaintiff predominantly performed non-exempt duties for Defendants and was therefore entitled to be compensated for overtime work and did in fact get paid for some overtime hours worked.

20. Throughout Plaintiff's employment, he regularly worked in excess of forty (40) hours per week but was not paid time-and-a-half for **all** hours worked per week in excess of forty (40).

21. Plaintiff had no authority to hire or fire employees of Defendants.

22. Plaintiff had no authority to discipline employees of Defendants.

23. Plaintiff had no authority to set rates of pay for other employees or agents of Defendants.

24. Plaintiff had no input into performance reviews of other employees or agents of Defendants.

25. Plaintiff was always closely monitored by Defendants' managers and supervisors.

26. Plaintiff followed procedures established by Defendants and did exactly as he was instructed to do.

27. Throughout Plaintiff's employment, Defendants regularly required Plaintiff to work in excess of forty (40) hours per week.

28. From June of 2020 until May 22, 2021, Defendants unlawfully failed to pay Plaintiff for all overtime hours worked.

29. Plaintiff regularly worked between forty (40) and fifty (50) or more hours per workweek for Defendants.

30. Defendants failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during the relevant limitations period.

31. At all times relevant, Defendants failed to keep and maintain accurate records of all hours worked by Plaintiff.

32. Just prior to his termination, on May 13, 2021, Plaintiff objected to Defendants' CFO and HR Director, Stephen Campos, about Defendants' illegal pay practices relating to Defendants' employee Chef Antoine who was being paid via his wife's alias and requested himself to be properly paid his overtime hours at the appropriate rate.

33. Moreover, on May 17, 2021, Plaintiff reiterated his objections regarding Defendants' illegal pay practices.

34. Finally, on May 22, 2021, after once again objecting to Defendants' noncompliance with the FLSA and not receiving any assurances that the illegal conduct would be remedied, Plaintiff escalated his objections to the same illegal pay practices to Defendants' owners, Mr. Woltin and Mr. Zaslavsky.

35. Pursuant to the FLSA, Plaintiff's above-noted objections were "protected activity." *See* 29 U.S.C. § 215(a)(3).

36. Additionally, objections to the foregoing illegal pay practices also constitute protected activity pursuant to Section 448.102(3), Florida Statutes.

37. Defendants dismissed Plaintiff's objections and refused to pay him the money he is owed.

38. Immediately thereafter, that same day, on May 22, 2021, Defendants terminated Plaintiff's employment because Plaintiff objected to Defendants' non-payment and/or underpayment of an overtime premium under the FLSA.

39. Under Florida law, terminating an employee for objecting to a violation of law, rule, or regulation, or the employee's reasonable belief that said conduct violates same, is a violation of the FWA. *See* Aery v. Wallace Lincoln–Mercury, LLC, 118 So.3d 904, 916 (Fla. 4th

DCA 2013) (To establish a violation of the Florida Whistleblower law, an employee must establish that: (1) he objected to or refused to participate in an illegal activity, policy, or practice, or what he reasonably believed to be illegal; (2) he suffered an adverse employment action; and (3) the adverse employment action was causally linked to his objection or refusal).

40. There is an extremely close temporal proximity/nexus between Plaintiff asserting his objections to Defendants' illegal pay practices and, and his termination.

41. Plaintiff has been damaged as a result of Defendants' retaliation and termination of his employment.

42. As a result of Defendants' unlawful and retaliatory termination of his employment, Plaintiff has suffered severe financial loss.

43. Furthermore, Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout his employment.

44. Defendants violated Title 29 U.S.C. §207 in that:

(a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendants.

(b) No payments or provisions for payment, or insufficient payments or provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

(c) Defendants failed to maintain proper time records as mandated by the FLSA.

45. Prior to violating the FLSA, Defendants did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

46. Prior to violating the FLSA, Defendants did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

47. Prior to violating the FLSA, Defendants did not consult with an accountant to evaluate whether Plaintiff's actually performed job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

48. Based on the allegations in paragraphs 45 through 47 above, Plaintiff is entitled to liquidated damages, as Defendants have no objective or subjective good faith belief that its pay practices followed in compliance with the FLSA.

49. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION

50. Plaintiff reincorporates and re-alleges paragraphs 1 through 13, 15 through 31, and 43 through 49, above, as though fully set forth herein, and further alleges as follows:

51. Plaintiff is entitled to be paid time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

52. During Plaintiff's employment with Defendants, Plaintiff regularly worked

overtime hours, but was not paid full and proper time-and-one-half compensation for all hours worked.

53. Plaintiff was not an exempt employee as defined by the FLSA, regardless of Defendants' subjective beliefs or misclassification.

54. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half him regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

55. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in him favor against Defendants, and that this Court:

a. Declare, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Award Plaintiff overtime compensation in the amount due to him for time worked in excess of forty (40) hours per work week;

c. Award Plaintiff liquidated damages in an amount equal to the overtime award;

d. Award Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Award Plaintiff pre-judgment interest; and

f. Order any other and further relief that this Court deems just and proper.

## COUNT II
## UNLAWFUL RETALIATION IN VIOLATION OF 29 U.S.C. § 215(a)(3)

56. Plaintiff reincorporates and re-alleges Paragraphs 1 through 13, 15 through 35, 37, 38, 40 through 42, and 49, above, as though set forth fully herein, and further alleges as follows:

57. Plaintiff objected to Defendants' illegal pay practices throughout his employment and, specifically, on May 13, 17 and 22 of 2021, asserted violations of the FLSA.

58. On May 22, 2021, Defendants illegally terminated Plaintiff from his employment in violation of 29 U.S.C. § 215(a)(3).

59. Plaintiff was terminated for no other reason than his objections to Defendants' illegal pay practices.

60. As a result of Defendants' intentional, willful, and unlawful actions, Plaintiff has suffered damages, including but not limited to lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses.

61. The retaliatory firing provision of the FLSA states that "it shall be unlawful for any person ... to discharge or in any other manner discriminate against an employee because such employee has filed any complaint ... under or related to this [Act]." 29 U.S.C. § 215(a)(3).

62. In *EEOC v. White and Son Enterprises*, 881 F.2d 1006, 1011 (11th Cir. 1989), the Court held that "Congress sought to secure compliance with the substantive provisions of the labor statute by having 'employees seeking to vindicate rights claimed to have been denied,' and lodge complaints or supply information to officials regarding allegedly substandard employment practices and conditions. The anti-retaliation provision of the FLSA was designed to prevent fear of economic retaliation by an employer against an employee who chose to voice such a

grievance." (citing to *Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 292 (1960)).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Declaring, pursuant to 29 U.S.C. §215(a)(3), that the acts and practices complained of herein are in violation of the FLSA;

    b. Awarding Plaintiff lost/back wages since the date of his termination;

    c. Awarding Plaintiff liquidated damages in an amount equal to the back wages award;

    d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e. Awarding Plaintiff pre-judgment interest;

    f. Ordering any other further relief, the Court deems just and proper.

## COUNT III
## UNLAWFUL RETALIATION IN VIOLATION OF Fla. Stat. §448.102(3)

63. Plaintiff reincorporates and re-alleges Paragraphs 1 through 49, above, as though set forth fully herein, and further alleges as follows.

64. On May 22, 2021, Defendants illegally terminated Plaintiff from his employment in violation of Section 448.102(3), Florida Statutes.

65. Plaintiff's employment was terminated for no reason other than Plaintiff objecting to illegal activity, or what he reasonably believed to be illegal activity in violation of Section 448.102(3), Florida Statutes.

66. Plaintiff objected to a violation of a law, or what he reasonably believed to be a violation of law, and was terminated as a direct result of same, which constitutes a violation of the FWA.

67. As a result of Defendants' intentional, willful and unlawful actions, Plaintiff has suffered damages, including but not limited to lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering and other monetary and non-monetary losses.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendants for his actual and compensatory damages, including, but not limited to, front pay, back pay, and emotional distress damages, as well as his costs and attorneys' fees, declaratory and injunctive relief and such other relief deemed proper by this Court.

### JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated this 19th day of July 2022.

Respectfully submitted,

/s/ **Noah E. Storch**
Noah E. Storch, Esquire
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. State Road 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
noah@floridaovertimelawyer.com

*Counsel for Plaintiff*